IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

QUANTUM LOYALTY SYSTEMS, INC. )
and QUANTUM CORPORATION OF )
NEW YORK, INC., )
            )
   Plaintiffs, )
            )
v.           ) Civ. No. 09-022-SLR
            )
TPG REWARDS, INC., )
            )
   Defendant. )

**MEMORANDUM ORDER**

At Wilmington this 2nd day of April, 2009, having reviewed defendant's motion to transfer and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 9) is denied, for the reasons that follow:

1. **Background.** The parties to this patent litigation are competitors in the field of product and movie promotions through use of reward and incentive programs. The patent in suit involves this field. The instant lawsuit follows litigation between these parties in the United States District Court for the Southern District of New York, *TPG Rewards, Inc. v. Quantum Loyalty Systems, Inc.,* Civ. No. 08-6396 (S.D.N.Y.), in which claims under the Lanham Act for false advertising and unfair competition were asserted against the plaintiff at bar. The parties resolved these claims by filing a stipulation of dismissal without prejudice. (D.I. 11, exs. 2-6)

2. Within days of resolving the New York litigation,[1] plaintiffs filed the patent lawsuit at bar. Rather than file an answer, defendant: (a) reciprocated with a declaratory judgment action filed in the Southern District of New York, seeking a declaration that the patent in suit and two additional of plaintiffs' patents are invalid and unenforceable, *TPG Review, Inc. v. Quantum Loyalty Systems, Inc., et al.*, Civ. No. 09-562 (S.D.N.Y.) (D.I. 11, ex. 11); and, in the instant litigation, (b) filed a motion to transfer and a motion to dismiss based on its allegation of patent invalidity[2] (D.I. 9, D.I. 14).

3. **Standard of review.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni*, Inc., 28 F. Supp. 2d 192, 208 (D. Del. 1998).

4. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). "Unless the balance is

---

[1]The stipulation of dismissal in New York was filed on December 31, 2008; the instant complaint was filed on January 12, 2009.

[2]It would be a most extraordinary case, indeed, where a defendant could successfully prove, by clear and convincing evidence, the invalidity of a patent based on facts not found in the complaint or on the face of the patent itself.

2

strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte*, 431 F.2d at 25. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998); *Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.*, No. Civ. A. 01-199, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); *Continental Cas. Co. v. American Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." *In re M.L.-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993).

5. The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," id., the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of

books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (citations omitted). The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* (citations omitted).

 6. **Analysis.** Consistent with my past rulings, motions for transfer generally will not be granted unless: (1) there is no *bona fide* relationship between Delaware and the defendant; (2) there is a related first-filed case in another district; or (3) the defendant is truly a regional enterprise. None of these circumstances is present at bar. With respect to defendant's relationship to Delaware, it is a Delaware corporation. With respect to the New York litigation, the first New York case was resolved within months of its being filed and involved different substantive claims than the litigation at bar; i.e., it was an unrelated case concluded before the instant litigation was filed. With respect to defendant's character, it is headquartered approximately 127 miles from Wilmington, Delaware. Even if this court were to characterize defendant as more of a "regional" (rather than a national) enterprise, it is less than compelling to argue that Delaware is not part of the region, given Delaware's proximity to New York (as noted above, 127 miles as the crow flies) and defendant's incorporation and sales made in Delaware.

7. Although defendant's arguments related to inconvenience are unpersuasive,[3] the general courtesy extended in most cases shall be extended at bar with respect to depositions, that is, witnesses shall be deposed in the city where they work.

_____
United States District Judge

---

[3] Given electronic discovery, electronic means for recording depositions, and the fact that trials go forward in less than 20% of all cases.