IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUANTUM LOYALTY SYSTEMS, INC. and QUANTUM CORPORATION OF NEW YORK, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TPG REWARDS, INC. and JOHN GALINOS, <br><br> Defendants. | Civil Action No. 09-cv-022-SLR-MPT <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
OF DECEMBER 23, 2009 (D.I. 56)**

CONNOLLY BOVE LODGE & HUTZ LLP
Francis DiGiovanni (#3189)
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19801
Phone: (302) 888-6316
Fax: (302) 658-5614
E-mail: FDiGiovanni@cblh.com

*Attorneys for Defendants
TPG Rewards Inc. and John Galinos*

OF COUNSEL:

Robert T. Maldonado (*Admitted pro hac vice*)
Norman H. Zivin (*Admitted pro hac vice*)
Tonia A. Sayour (*Admitted pro hac vice*)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York  10112
Tel.: (212) 278-0400
Fax: (212) 391-0525
E-mail: RMaldonado@cooperdunham.com

Dated:  January 25, 2010

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ..................................................................................................... ii

    A.    The Court Should Accept the Magistrate Judge's Recommendation
           To Deny Jurisdictional Discovery ..................................................................... 1

    B.    The Court Should Accept The Magistrate Judge's Recommendation
           To Dismiss the First Amended Complaint For Failure To State a Claim ................ 2

           1. The 2002 Movie Cash Debit Card Is an Accused Product. ............................... 3

           2. The Court Should Not Accept New Evidence or New Arguments. ................... 6

           3. Controlling Federal Circuit Precedent Supports Dismissal. ............................. 8

           4. The Magistrate Judge Did Not Make Incorrect Assumptions of Fact
              or Misapply the Law.. ................................................................................. 9

           5. Quantum Should Not Be Permitted To Amend ............................................. 10

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

**Pages(s)**

**Cases**

*Bell Atlantic v. Twombly,*
    550 U.S. 544 (2007) .................................................................................................. 10

*Evans Cooling Systems, Inc. v. General Motors Corp.,*
    125 F.3d 1448 (Fed. Cir. 1997) ............................................................................. 3, 8

*GAF Building Materials Corp. v. Elk Corporation of Dallas,*
    90 F.3d 479 (Fed. Cir. 1996) ..................................................................................... 4

*Innovative Therapies Inc. v. Kinetic Concepts, Inc.,*
    2008 WL 2746960 (D. Del. 2008) ............................................................................ 5

*Morris v. Amalgamated Lithographers of America,*
    994 F. Supp. 161 (S.D.N.Y. 1998) ........................................................................... 7

*Paddington Partners v. Bouchard,*
    34 F.3d 1132 (2d Cir. 1994) ..................................................................................... 6

*Paterson-Leitch Company, Inc. v. Massachusetts Municipal Wholesale Elec. Co.,*
    840 F.2d 985 (1st Cir. 1988) ..................................................................................... 3

*S.O.I.TEC Silicon On Insulator Technologies, S.A. v. MEMC Electronic Materials, Inc.,*
    2009 WL 423989 (D. Del. 2009) ........................................................................... 10

*Vanmoor v. Wal-Mart Stores, Inc.,*
    201 F.3d 1363 (Fed. Cir. 2000) ............................................................................ 3, 8

*Vianix Delaware LLC v. Nuance Communications, Inc.,*
    2009 WL 1364346 (D. Del. 2009) ............................................................................ 5

*Wallace v. Tilley,*
    41 F.3d 296 (7th Cir. 1994) ...................................................................................... 6

It is now clear that when Quantum filed this action against TPG asserting patent infringement, Quantum had no idea whether TPG had sold any product which allegedly infringed the patent. Yet, shortly after filing this action, Quantum disseminated a misleading and damaging press release targeted at TPG's customers in an effort to divert business from TPG to Quantum. TPG respectfully requests that the Court adopt the well-reasoned and sound Report and Recommendation of Magistrate Judge Thynge (hereafter "R & R"; D.I. 56), and grant TPG's motion to dismiss the First Amended Complaint for failure to state a claim, and Mr. Galinos' motion to dismiss for lack of personal jurisdiction.

### A. The Court Should Accept the Magistrate Judge's Recommendation To Deny Jurisdictional Discovery

Quantum does not object to the Magistrate Judge's finding that this Court lacks personal jurisdiction over Defendant John Galinos as pled in the Amended Complaint. Rather, Quantum has objected only to the denial of its motion for jurisdictional discovery. Quantum does not dispute that it bears the burden of providing "factual allegations that suggest the possible existence of requisite contacts between [Mr. Galinos] and the forum state with reasonable particularity" and that it bears the burden of showing that the requested discovery will be fruitful. (D.I. 56 at 22). Quantum has failed to satisfy either burden.

Quantum argues that it has "presented factual information that demonstrates with reasonable particularity the existence of requisite contacts between defendant Galinos and Delaware," but it has not.[1] (D.I. 57 at 10). Quantum argues that the Magistrate Judge "ignores

---

[1] In support of this proposition, Quantum cites five documents from the Docket Index in their entireties, without citing any particular page or paragraph which allegedly contains a jurisdictional fact. (D.I. 57 at 10). None do. Indeed, one of the cited documents (D.I. 45) is Quantum's brief in opposition to Mr. Galinos' motion to dismiss, which cannot be the source of any factual information.

1

information" regarding Mr. Galinos' alleged contacts with Delaware, such as Mr. Galinos' position as CEO of TPG, his alleged control over TPG, and his alleged creation of one of the accused products. *Id.* But none of these "facts" establish any contacts with Delaware. Quantum contends that Galinos "directed the sales of [the infringing] product in Delaware." *Id.* However, not only does Quantum's contention lack factual support,[2] but there is no such allegation in the Amended Complaint. Although Quantum argues that Mr. Galinos "chose to incorporate the company he founded, TPG, in Delaware," the Magistrate Judge correctly held that it was irrelevant because "the instant matter for infringement does not arise from the act of incorporating." (D.I. 56 at 11). Next, Quantum argues that Mr. Galinos "*created* and *managed* a website that targeted Delaware" (D.I. 57 10; emphasis added), but the Amended Complaint is devoid of any such allegation.[3] Quantum has not pled any facts which would suggest that this Court has personal jurisdiction over Mr. Galinos. Accordingly, Quantum's motion for jurisdictional discovery should be denied, as recommended by the Magistrate Judge.

**B.    The Court Should Accept the Magistrate Judge's Recommendation to Dismiss the First Amended Complaint for Failure to State a Claim**

In objecting to the Magistrate Judge's recommendation that the Court grant Defendants' motion to dismiss, Quantum belatedly asserts that TPG's **2002 Movie Cash debit card** product is not charged with infringement. But the *only* debit card charged with infringement is the **2002 Movie Cash debit card** product, since no other Movie Cash debit card existed as of the filing date

---

[2] Mr. Galinos stated that TPG has not sold the accused products in Delaware. (D.I. 43, ¶ 7).

[3] Although Quantum alleged that certain figures of a patent application appear to be screen shots of websites and that those websites allegedly "target consumers in Delaware" (D.I. 32, ¶ 25), there is no allegation (or evidence to suggest) that Mr. Galinos "created" or "managed" such websites. (*See* D.I. 56 at 13, n.45 ("[t]he first amended complaint fails to suggest that the website was operated by Galinos")).

of the Amended Complaint. Based upon the controlling Federal Circuit precedent of *Evans* and *Vanmoor*, which hold that if a product accused of infringement pre-dates the patent's critical date, the infringement claim falls, Quantum's Amended Complaint should be dismissed.[4]

### 1.     The 2002 Movie Cash Debit Card Is an Accused Product

For the very first time in this case, and only after receiving an adverse decision, Quantum asserts that it is not claiming that the **2002** TPG Movie Cash **debit card** product infringes the patent-in-suit. (D.I. 57 at 5; D.I. 58, ¶ 1). This new position is contrary to Quantum's prior positions. The **2002** Movie Cash **debit card** product is unequivocally charged with infringement in the Amended Complaint, and the allegations of the complaint control on this motion. Moreover, by seeking to withdraw its previously pleaded claim, Quantum impermissibly raises a new argument that was never presented to the Magistrate Judge. *Paterson-Leitch Company, Inc. v. Massachusetts Municipal Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("'[w]e hold categorically that an unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the Magistrate Judge.'").

Quantum's infringement allegations continually change. On January 12, 2009, Quantum filed its Complaint against TPG, accusing the "Movie Cash product" of infringement. (D.I. 1, ¶ 7). In response to TPG's first motion to dismiss, Quantum clarified that the *only* product accused of infringement in the Complaint was the Movie Cash **debit card** product,[5] *not* the Movie Cash paper ticket product or the e-Movie Cash **debit code** product. (D.I. 24 at 3). On April 17, 2009,

---

[4]  *Evans Cooling Systems, Inc. v. General Motors Corp.*, 125 F.3d 1448, 1451 (Fed. Cir. 1997), *cert. denied*, 522 U.S. 1115 (1998); *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000), *cert. denied*, 531 U.S. 821 (2000).

[5]  As of that date, the only Movie Cash debit card product which ever existed was the **2002** Movie Cash debit card product. (D.I. 28, ¶ 6).

Quantum filed its First Amended Complaint, in which it continued to charge the Movie Cash **debit card** product with infringement, but also added the e-Movie Cash **debit code** product as an accused product.[6] (D.I. 32, ¶ 27). On January 10, 2010, Quantum submitted its Objections to the R&R, and attempted to withdraw its allegation of infringement as to the Movie Cash **debit card** product[7] (D.I. 58, ¶ 1), which was the only accused product in the original Complaint, thereby divesting this Court of subject matter jurisdiction. The foregoing demonstrates that Quantum commenced this action as a fishing expedition, hoping to discover an infringing product.

Quantum's latest attempt to retract its accusation that the **2002** Movie Cash **debit card** product infringes only after receiving an adverse decision is fatal. As discussed above, the **2002** Movie Cash **debit card** product was the *only* TPG product accused of infringement in the initial Complaint in this action. As such, it provided the only basis for this Court to exercise subject matter jurisdiction over Quantum's sole claim of patent infringement. Quantum cannot claim now that the only products which allegedly infringe are a **May 2009** Movie Cash **debit card** product and the e-Movie Cash **debit code** product. Quantum admitted it was unable to charge either product with infringement when this action was commenced. As the Federal Circuit has held, "later events may not create jurisdiction when none existed at the time of filing." *GAF Building Materials Corp. v. Elk Corporation of Dallas*, 90 F.3d 479, 483 (Fed. Cir. 1996). Quantum cannot amend its Complaint to withdraw its sole allegation of patent infringement, and

---

[6] Quantum previously had admitted that as of March 23, 2009, it did not possess sufficient information to charge the e-Movie Cash debit code product with infringement. (D.I. 24 at pg. 3, n.1).

[7] Although Quantum now alleges that a **2009** Movie Cash **debit card** product infringes, that product was not accused in the Amended Complaint because it did not exist at the time. (D.I. 40, ¶ 2).

4

substitute it with new allegations of infringement that it would not have been able to make when the Complaint was originally filed. *Vianix Delaware LLC v. Nuance Communications, Inc.*, 2009 WL 1364346, *2 (D. Del. 2009) (amendment cannot cure jurisdictional defect); *Innovative Therapies Inc. v. Kinetic Concepts, Inc.*, 2008 WL 2746960, *9 (D. Del. 2008) (same).

    Quantum cannot deny that its Amended Complaint charges the **2002** Movie Cash **debit card** product with infringement. As the Magistrate Judge correctly found, the Movie Cash **debit card** product accused of infringement in paragraph 27 of the First Amended Complaint must be the **2002** Movie Cash debit card product, because no other Movie Cash debit card product existed between 2002 and the April 17, 2009 filing date of the Amended Complaint.[8] (D.I. 56 at 21, n.75). There is no evidence that any other Movie Cash debit card product existed prior to April 17, 2009.[9] Nonetheless, Quantum now seeks to substitute a **May 2009** Movie Cash debit card for the **2002** Movie Cash debit card. But Quantum could not have accused the **May 2009** Movie Cash debit card of patent infringement in the Amended Complaint because, as the Magistrate Judge correctly found, that product did not exist at the time the Amended Complaint was filed. (D.I. 56 at 21, n. 78).[10] Moreover, Quantum apparently lacked information to charge the **2009** Movie Cash debit card with infringement in the Amended Complaint, since it requested

---

[8] Quantum seeks to mince Mr. Galinos' statements about when the second Movie Cash debit card product was executed. (D.I. 57 at 6). Mr. Galinos identified May 1, 2009 as the launch/execution date, which date followed the April 1, 2009 date of his prior declaration. (D.I. 40, ¶ 2). He did not identify April 1, 2009 as an execution date.

[9] In its Objections, Quantum adopts a misleading moniker, not found in the Amended Complaint, for the accused products, namely, "the **2008/2009** Movie Cash **debit card** and debit code." There is no **2008** Movie Cash debit card product.

[10] Indeed, since Quantum has admitted that the **2002** Movie Cash **debit card** product does not infringe the patent, and the **2009** Movie Cash **debit card** product operates in the same manner in that it has a fixed monetary value which may be used at one or more merchants until the value is

5

documents concerning the operation of that card in June 2009. (Exhibit 1 hereto).

Quantum cannot change its infringement allegations at this stage.

### 2. *The Court Should Not Accept New Evidence or New Arguments*

Quantum has submitted new evidence and arguments in the form of an attorney declaration. (D.I. 58). The Court should reject this new evidence because it is too late, improper, irrelevant and cumulative. Quantum submits documentary evidence which was never presented to the Magistrate Judge, and offers no explanation for not submitting the evidence earlier. Quantum waited until *after* the Magistrate Judge issued her R & R to submit this evidence.[11] It is too late. As one court has held:

> It is not in the interests of justice to allow a party to wait until the Report and Recommendation or Order bas been issued and then submit evidence that the party had in its possession but chose not to submit. Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received.

*Wallace v. Tilley*, 41 F.3d 296, 302 (7th Cir. 1994); *see also Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994). Here, Quantum waited to see how the Court would rule on Defendants' motion before submitting the evidence. Since Quantum alleges that a document provided by TPG shows that the Movie Cash debit card did not infringe, it should have presented that argument and evidence in June 2009, when it received the document, and not seven months later after the Court spent the time and effort deciding the motion and rendering a decision

---

exhausted (D.I. 40, ¶3), Quantum lacks a good faith basis for accusing the **2009** Movie Cash **debit card** product of patent infringement.

[11] Quantum seeks to shift the blame to TPG for belatedly producing one of the documents attached to the declaration. (D.I. 58, Exh. 2). However, Quantum waited until *after* briefing on TPG's second motion to dismiss was completed to request documents concerning TPG's Movie Cash debit cards (*see* Exhibit 1 hereto), even though it had known since April 2, 2009 that the Movie Cash debit card was first implemented in 2002 and had not been implemented since. (D.I. 28, ¶¶ 5, 6). Quantum did not mention the document produced by TPG until it filed its Objections on January 11, 2010.

against Quantum. This gamesmanship should not be rewarded. *See Morris v. Amalgamated Lithographers of America*, 994 F. Supp. 161, 163 (S.D.N.Y. 1998) (court refused to consider new evidence without excuse for not presenting the evidence to the Magistrate Judge).

The declaration also is improper because it contains irrelevant claim construction and infringement opinions of Quantum's counsel (not an expert witness), whose arguments should have been included within the page limitation of the Objections.[12]

Finally, information about the functionality of TPG's **2002** Movie Cash debit card product (D.I. 58, Exh. 2) is cumulative of information which was submitted by Mr. Galinos on the motion to dismiss, and adds nothing new. (D.I. 40, ¶ 3). Mr. Galinos declared that the 2002 Movie Cash debit card "is preloaded with a fixed monetary value, and the user may present the prepaid debit card to one or more merchants for use until the prepaid value is exhausted." *Id.* Quantum's counsel characterizes the TPG document as saying the same thing. (D.I. 58, ¶ 6, Exh. 2). Thus, the TPG document did not reveal something Quantum did not already know about the Movie Cash debit card products, and is not "newly discovered evidence" which changes the record on this motion.[13]

For all of these reasons, Quantum's new evidence should not be considered by the Court.

---

[12] Quantum repeats its argument that TPG has not construed the claims of the patent or provided evidence that the 2002 Movie Cash debit card product falls within the scope of the claims. (D.I. 57 at 3). However, as the Magistrate Judge held and for all the reasons stated in the briefing on this motion, TPG is not required to do so, and may accept Quantum's allegation of infringement as true for the purposes of this motion. *Evans*, 125 F.3d at 1451; *Vanmoor*, 201 F.3d at 1366.

[13] Moreover, the Court should reject Quantum's assertion that it needed documents from TPG to determine if the **2002** Movie Cash **debit card** product infringed, since it was the only product accused of infringement in the Complaint filed on January 12, 2009. Quantum presumably had a reasonable basis for asserting that the Movie Cash debit card infringed at the time it filed its Complaint.

7

### 3. Controlling Federal Circuit Precedent Supports Dismissal

The First Amended Complaint accuses the 2002 Movie Cash debit card product with infringement. Since the accused product predates the earliest filing date of the patent-in-suit, the Amended Complaint fails to state a claim under *Evans* and *Vanmoor*. Quantum seeks to avoid the application of *Evans* and *Vanmoor* on procedural and substantive grounds. Procedurally, Quantum distinguishes *Evans* and *Vanmoor* on the basis that those decisions were rendered at the summary judgment stage, rather than the pleading stage, but fails to explain the significance of that distinction. The Magistrate Judge correctly concluded that the same reasoning applies at both stages. (D.I. 56 at 21). The 2002 date of the Movie Cash debit card product is not disputed, and Quantum has not identified any discovery it needs. Quantum does not need discovery to determine whether or not the 2002 Movie Cash debit card infringes, because the Court must assume that it infringes for the purposes of this motion. Quantum fails to explain how the analysis or result would be any different at the summary judgment stage.

Substantively, Quantum argues that the *Evans* and *Vanmoor* decisions are inapplicable because TPG has not submitted evidence of identity between the pre-patent product and the "accused product." However, the pre-patent product *is* the accused product, so there is no distinction. As in *Evans* and *Vanmoor*, the "entire basis" of the Complaint is a single claim of patent infringement.[14] Therefore, the Magistrate Judge correctly applied the controlling Federal Circuit precedent as set forth in *Evans* and *Vanmoor* in this case.

---

[14] That another product (the e-Movie Cash **debit code** product) also is accused of infringement is of no moment. In *Vanmoor*, summary judgment was granted even though only some of the accused products were identical to pre-patent products. *See Vanmoor*, 201 F.3d at 1365 (defendants "argued that the ... patent is invalid as a matter of law because *certain* of the accused caulking cartridges were identical to cartridges manufactured, sold, and used prior to the critical date....") (emphasis added).

8

### 4. The Magistrate Judge Did Not Make Incorrect Assumptions of Fact or Misapply the Law.

Quantum's objection to the Magistrate Judge's recommendation of dismissal is based, in large part, upon the misguided notion that the Magistrate Judge assumed that the **2002** Movie Cash debit card product was identical to the **2009** Movie Cash debit card product.[15] For the reasons set forth above, the **May 2009** Movie Cash debit card product is not relevant. Indeed, the Magistrate Judge explicitly said that "Quantum's argument that defendants must show identity between these two products to prevail is ... of no moment here." (D.I. 56 at 21, n. 78). It is clear that the Magistrate Judge did not find identity because she said that she did not need to make any such finding.[16] Thus, the central basis for Quantum's objection crumbles.

Contrary to Quantum's assertion, the Magistrate Judge did not misapply the law by "requir[ing] [Quantum] to plead the dates when infringement began." (D.I. 57 at 7). Rather, the Magistrate Judge found that, *in this case*, by failing to allege any facts as to when the infringement began or whether it has continued to this day" (D.I. 56 at 21), Quantum has provided no basis for the Court to conclude that any Movie Cash debit card product, other than

---

[15] *See* D.I. 57 at 3 ("[b]ecause the 2002 product is not the same as the 2008/2009 debit card and debit code products, ... the central assumption found in the R & R is wrong and the R & R is infected with legal error"); *Id.* at 4 ("A. The R & R is based on the erroneous assumption that TPG's 2002 product is the same as TPG's 2008/2009 product" and "the lower court's error is directly traceable to TPG's assertion ... that this 2002 card is the same as one of TPG's [2009] Movie Cash product[]"); *Id.* at 5 ("the lower court erred in making an assumption that the 2002 card was the same as the 2008/2009 products").

[16] Quantum's counsel's declaration that the 2002 Movie Cash debit card does not function the same as the 2009 Movie Cash debit card (D.I. 58, ¶ 7) directly conflicts with that of Mr. Galinos, who has testified that both Movie Cash debit cards "operate[] in the same manner...." (D.I. 40, ¶ 3). In the event that this action is not dismissed, TPG will seek the deposition of Mr. Moriarty.

9

the 2002 Movie Cash debit card product, is accused of infringement.[17] This is consistent with the pleading requirements of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).[18]

Although patent infringement may be a continuing tort, if TPG's allegedly infringing activities are not continuing, the tort is not continuing. Since TPG executed the Movie Cash debit card product in 2002, but not again since then, up until after the Amended Complaint was filed, that 2002 act, even if it were an infringement, would not be a continuing tort. Quantum's argument has no merit.

### 5. *Quantum Should Not Be Permitted to Amend.*

Quantum requests permission, once again, to further amend its Complaint "to more clearly identify TPG's current infringing actions." It already has done this once, and should not be permitted to do so again. Further, for the reasons discussed *supra*, Quantum's defect in pleading cannot be remedied by a further amendment to the Complaint. Quantum cannot amend to withdraw its allegation of infringement against the only product accused of infringement in the original Complaint (the 2002 Movie Cash debit card product), because such an amendment would divest this Court of jurisdiction and would be futile. *See supra* pp. 4-5, and n.10.

---

[17] Quantum's suggestion that it did provide information in the Amended Complaint as to when infringement began and whether it is continuing to date is misleading because the "information" cited, i.e. a patent application and alleged website printouts, do not relate to the Movie Cash **debit card** product accused of infringement and at issue in this motion. (D.I. 57 at 6).

[18] This result also does not conflict with the prior decision of this Court in *S.O.I.TEC Silicon On Insulator Technologies, S.A. v. MEMC Electronic Materials, Inc.*, 2009 WL 423989 (D. Del. 2009), which addressed the level of detail required for patent infringement pleadings. In this case, Quantum has identified specific products accused of infringement, so *S.O.I.TEC*, which relates to whether the products have been sufficiently identified, is inapplicable.

## CONCLUSION

Quantum has admitted that there was no basis for it to bring this action on January 12, 2009. The only product charged with infringement at that time was the 2002 Movie Cash debit card product, which predated the earliest filing date of the patent. Accordingly, Quantum's First Amended Complaint should be dismissed. Further, since there is no personal jurisdiction over Mr. Galinos, Quantum's First Amended Complaint against him should be dismissed.

Respectfully submitted,

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19801
Phone: (302) 888-6316
Fax: (302) 658-5614
E-mail: FDiGiovanni@cblh.com
*Attorneys for Defendants*
*TPG Rewards, Inc. and John Galinos*

OF COUNSEL:
Robert T. Maldonado (*Admitted pro hac vice*)
Norman H. Zivin (*Admitted pro hac vice*)
Tonia A. Sayour (*Admitted pro hac vice*)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525
E-mail: RMaldonado@cooperdunham.com

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on January 25, 2010, a true copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following and allow the document to be viewed and downloaded from CM/ECF, and was served on counsel as follows:

**BY E-MAIL**
John G. Day, Esq.
Lauren E. Maguire, Esq.
Caroline Hong, Esq.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
chong@ashby-geddes.com

Brian T. Moriarty, Esq.
Deirdre E. Sanders, Esq.
Lindsay M. Hopkins, Esq.
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, MA  01742-9133
Brian.Moriarty@hbsr.com
Deirdre.Sanders@hbsr.com
Lindsay.Hopkins@hbsr.com

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)

# Exhibit 1

**Robert Maldonado**

| | |
|---|---|
| From: | Brian T. Moriarty [Brian.Moriarty@hbsr.com] |
| Sent: | Friday, June 12, 2009 5:52 PM |
| To: | Robert Maldonado |
| Cc: | Maria Cedroni; TLydon; CHong; NLopez; JDay; Norman Zivin; Tonia Sayour; fdigiovanni@cblh.com; cstover@cblh.com |
| Subject: | Quantum Loyalty v. TPG rewards |

Rob –

Could you please send us a copy of the alleged 2009 debit card referenced in TPG's briefs and the Galinos declarations. We note that although you provided a photocopy of the alleged 2002 debit card to the Court, you did not provide similar information about the alleged 2009 product. Please send us that information.

In addition, could you please send us a copy of all the information you have about the alleged 2002 Movie Cash debit card referenced in TPG's brief and the Galinos declarations. If this truly is the alleged prior art you claim it to be, I would think you would readily provide this information to us.

If your require any of this information to be kept confidential, we will agree to do so pending entry of the protective order in this case.

If you decline to provide this information would you kindly tell us that as well.

Thank you and have a nice weekend.

-- Brian

**Brian T. Moriarty** | Principal

530 Virginia Road, Concord, MA 01742 | T 978.341.0036 x3460 | F 978.341.0136 | Brian.Moriarty@hbsr.com

*****************************************************************

This email and any files transmitted with it are confidential and may contain attorney-client privileged information. These materials are intended solely for the use of the intended recipient. If you are not the intended recipient, any use, distribution, or disclosure of this transmission is prohibited. If you have received this email in error, please immediately notify the sender and delete the message from your system.

v1.0aHBSR
*****************************************************************

1