IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

QUANTUM LOYALTY SYSTEMS INC., :
et al., :
                        Plaintiffs, :
:
                v. :    Civil Action No. 09-22-RGA
:
TPG REWARDS INC., :
et al., :
:
                        Defendants. :

## **MEMORANDUM OPINION**

Andrew Mayo, Esq., Ashby & Geddes; Wilmington, Delaware; Counsel for Plaintiffs

Chad S.C. Stover, Esq., Connolly, Bove, Lodge & Hutz, Wilmington, Delaware; Counsel for Defendants

April 4, 2012
Wilmington, Delaware

![signature: Richard G. Andrews]

ANDREWS, U.S. DISTRICT JUDGE:

The Plaintiffs have filed objections (D.I. 178) to a decision of the United States Magistrate Judge. (D.I. 175). The Defendants have responded. (D.I. 188). The matter is now before this Court.

The Magistrate Judge had authority to make the decision pursuant to 28 U.S.C. § 636(b)(1)(A), which provides that "a [district] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court [other than certain specified matters including injunctive relief, judgment on the pleadings, summary judgment, class action status, Rule 12(b)(6) motions, and involuntary dismissal]." Such a designation was made. (D.I. 30). The decision is subject to review, also pursuant to 28 U.S.C. § 636(b)(1)(A), which further provides that the district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Thus, findings of fact are reviewed for clear error. Review of the factual determinations is limited to the record that was before the magistrate judge. Determinations of applicable legal standards are reviewed for error. There are also decisions that involve the exercise of discretion, and discretionary decisions are reviewed for abuse of discretion. "This deferential standard of review is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" *Cooper Hospital/University Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting another District of New Jersey case).

Plaintiffs raise four issues, claiming that the first two of them are contrary to law, and remaining silent as to the appropriate standard for reviewing the other two. It appears that the

last two would be reviewed for abuse of discretion, and, to the extent Plaintiffs argue abuse of discretion, they have not shown any such abuse, and their objections are denied.

There are two objections that the rulings were "contrary to law." The first is that Defendants' Counterclaim Counts II and III, which seek a declaration of non-infringement and invalidity as to two related patents with the same specification as the patent on which the Plaintiffs have sued, do not state a "case or controversy." Subsequent to the Magistrate Judge's ruling in this case, the Federal Circuit decided *Streck, Inc. v. Research & Diagnostic Systems, Inc.*, 665 F.3d 1269, 1283 (Fed. Cir. 2012), in which it held that "a counterclaimant must show a continuing case or controversy with respect to withdrawn or otherwise unasserted claims." For the patents that are issue in Counterclaim Counts II and III, that is not a standard that the Defendants have met, either in terms of pleading or in terms of asserted proof. Thus, the first objection is well-taken, and the Magistrate Judge's decision will be reversed.

The second issue concerns the Plaintiffs' motion to transfer Counterclaim Counts VIII, IX, and X, which relate to cybersquatting with the domain name www.emoviecash.us, to the Southern District of New York, where previous litigation between the parties was settled. The documents supplied show that issues concerning the Court's final judgment, which appears primarily to concern cybersquatting with the domain name www.tpgrewards.ca., were agreed to be subject only to the jurisdiction of that court, while issues concerning the settlement agreement could be litigated in Delaware. There is nothing on the face of the documents that shows the counterclaims raise issues about the New York final judgment. Thus, there is no factual or legal basis to transfer the counterclaims to New York.